UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

Case No. 4:15-CR-00083-DGK-5

v.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

BENJAMIN H. MCDANIEL

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Now before the Court is Defendant's fifth motion for compassionate release. ECF No. 715. Defendant argues his criminal history points qualify him for a safety valve reduction under 18 U.S.C. 3553(f)(1), thus constituting an extraordinary and compelling reason warranting compassionate release. Defendant's argument is without merit.

On February 7, 2018, Defendant pled guilty to (1) conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 324. Defendant was sentenced on January 4, 2019, after the First Step Act of 2018 went into effect. Accordingly, the Court ordered the parties to meet and confer prior to Defendant's sentencing about whether the First Step Act affected Defendant's case. ECF No. 509. At sentencing, both parties stated Defendant did not qualify for safety valve relief under 18 U.S.C. § 3553(f). In particular, while Defendant's criminal points may have qualified him for relief under § 3553(f)(1), he was nevertheless precluded from relief under § 3553(f)(2) because

he possessed a firearm in connection with his drug trafficking offense. Defense counsel stated he discussed this with Defendant prior to sentencing. Accordingly, Defendant does not qualify for safety valve relief, and Defendant's fifth motion for compassionate release is DENIED.

As an aside, the Court finds compassionate release is also not warranted for the reasons articulated in its previous order denying Defendant's fourth request for compassionate release. ECF No. 687. For instance, Defendant sold methamphetamine out of the house in which he lived with his children, and he has an extensive criminal history (including a conviction for assaulting his ex-wife). These facts suggest Defendant would be a danger to the community if released. See 18 U.S.C. § 3553(a); see also 18 U.S.C. § 3142(g)(4).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 29, 2023 /s/ Greg Kays
UNITED STATES DISTRICT JUDGE

4

Case 4:15-cr-00083-DGK   Document 736   Filed 11/29/23   Page 4 of 4